Form as of August 20, 2021

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---

P.S., Kreindel Sofer, Aron Sofer,

                       Plaintiff(s),

    -against-

United States of America

                       Defendant(s).

22 CIV. NO. 7179

**[Proposed] Civil Case Management Plan and Scheduling Order**

---

The parties submit this [Proposed] Civil Case Management Plan and Order pursuant to Federal Rule of Civil Procedure 26(f):

**1.**    **Meet and Confer:** The parties met and conferred pursuant to Fed. R. Civ. P. 16(c) and 26(f) on 11/7/2022.

**2.**    **Alternative Dispute Resolution / Settlement:**

   **a.**    Settlement discussions have ☐ / have not ☑ taken place.

   **b.**    The parties have discussed an informal exchange of information in aid of early settlement and have agreed to exchange the following:

        Plaintiffs have agreed to provide HIPAA authorization forms, and the parties will seek to provide relevant documents in their possession before receiving formal discovery requests.

   **c.**    The parties have discussed use of alternative dispute resolution mechanisms for use in this case, such as (i) a settlement conference before the Magistrate Judge, (ii) participation in the District's Mediation Program, and (ii) retention of a private mediator.  The parties propose the following alternative dispute mechanism for this case:

        The parties anticipate that they will need to complete fact discovery and exchange expert reports before meaningful settlement discussions can be had. At that time, the parties anticipate that a settlement conference before a Magistrate Judge may be useful in determining whether this matter can be settled.

1

    d.    The parties recommend that the alternative dispute resolution mechanism designated above be employed at the following point in the case (e.g., within the next 30 days; after exchange of specific information; after deposition of plaintiff; etc.):

        After the parties exchange expert reports.

    e.    The use of any alternative dispute resolution mechanism does not stay or modify any date in this Order.

3. **The Parties' Summary of Their Claims, Defenses, and Relevant Issues:**

<u>Plaintiff(s)</u>:

Plaintiffs' allegations are that defendant departed from good and accepted medical practice in the care and treatment of plaintiff mother and infant during the pregnancy, labor and delivery of the infant plaintiff and that these departures were a substantial contributing factor to the infant plaintiff's injuries including

<u>Defendant(s)</u>:

The principal defenses are that Defendant did not breach any actionable duty owed to Plaintiffs, and Defendant was not the cause in fact or proximate cause of the alleged damages suffered by Plaintiffs.

4. **The Parties' Asserted Basis of Subject Matter Jurisdiction:**

Jurisdiction lies in this Court pursuant to 28 U.S.C. § 1331 and the Federal Tort Claims Act, 28 U.S.C. §§ 1346(b), 1402(b), 2401(b), 2671-80.

5. **Subjects on Which Discovery May Be Needed:**

<u>Plaintiff(s)</u>:

Plaintiffs anticipate fact discovery to include obtaining defendant's medical records of plaintiffs, deposition of the plaintiff parents and medical care providers of defendant. The infant plaintiff's subsequent medical records will also need to be obtained. Expert discovery is anticipated to consist of multiple medical specialties.

Defendant(s):

Defendant anticipates that discovery will require subpoenas to multiple medical providers in order to obtain Mrs. Sofer's medical records, as well as all records related to prenatal, labor and delivery, postpartum, neonatal, and pediatric care provided to Mrs. Sofer and P.S. Defendant expects to depose Plaintiffs and several medical providers. Defendant also anticipates extensive expert discovery.

6. **Initial Disclosures** pursuant to Fed. R. Civ. P. 26(a)(1) will be exchanged no later than __12/15/2022__.

7. **Amended Pleadings:**

   a. No additional parties may be joined after __1/12/2023__. Any motion to join after this date will need to meet the good cause requirements of F.R.C.P. 16.

   b. No amended pleadings may be filed after __1/12/2023__. Any motion to amend after this date will need to meet the good cause requirements of F.R.C.P. 16.

8. **Fact Discovery:**

   a. All fact discovery shall be completed by __5/31/2023__.

   b. Initial requests for production were/will be served by __1/6/2023__. Any subsequent requests for production must be served no later than 45 days prior to the discovery completion deadline.

   c. Initial interrogatories shall be served by __1/6/2023__. Any subsequent interrogatories must be served no later than 45 days prior to the discovery completion deadline.

   d. Depositions shall be completed by __5/15/2023__.

   e. Requests to admit shall be served by __5/31/2023__.

   f. The parties propose the following limits on discovery:

   None

   g. Except as otherwise modified in 8(f) above, the parties are to conduct discovery in accordance with the Federal Rules of Civil Procedure and the Local Rules of the Southern District of New York. The interim fact discovery deadlines may be altered by the parties on consent without application to

3

the Court, provided that the parties meet the deadline for completing fact discovery.

    h.    The parties would like to address at the conference with the Court the following disputes, if any, concerning fact discovery:

None

9. **Expert Discovery (if applicable):**

    a.    The parties do ☑ / do not ☐ anticipate using testifying experts.

    b.    Anticipated areas of expertise:

Obstetrics, Pediatric Neurology, Economics, Life Care Planning, Neonatology, Anesthesiology, Placental Pathology

    c.    Expert discovery shall be completed by 9/29/2023.

    d.    By 4/28/2023, the parties shall meet and confer on a schedule for expert disclosures, including reports, production of underlying documents, and depositions, provided that (i) expert report(s) of the party with the burden of proof shall be due before those of the opposing party's expert(s); and (ii) all expert discovery shall be completed by the date set forth above.

    e.    The parties would like to address at the conference with the Court the following disputes, if any, concerning expert discovery:

None

10. **Electronic Discovery and Preservation of Documents and Information:**

(If appropriate for the case, use the Court's Joint Electronic Discovery Submission and Proposed Order available at: http://nysd.uscourts.gov/judge/Lehrburger.

    a.    The parties have ☐ / have not ☑ discussed electronic discovery.

    b.    If applicable, the parties shall have a protocol for electronic discovery in place by _____.

    c.    The parties would like to address at the conference with the Court the following disputes, if any, concerning electronic discovery:

    None

**11. Anticipated Motions** (other than summary judgment, if any)**:**

    None

**12. Summary Judgment Motions:** No less than 30 days before a party intends to file a summary judgment motion, and in no event later than the close of discovery, the party shall notify this Court, and the District Judge, that it intends to move for summary judgment and, if required by the District Judge's Individual Practices, request a pre-motion conference.

If pre-motion clearance has been obtained from the District Judge where required, summary judgment motions must be filed no later than 30 days following the close of all discovery if no date was set by the District Judge or, if a date was set by the District Judge, in accordance with the schedule set by the District Judge. If no pre-motion conference is required, summary judgment motions must be filed no later than 30 days following the close of discovery.

Any summary judgment motion must comply with the Federal Rules of Civil Procedure, the Local Rules of this District, and the Individual Practices of the District Judge to whom the case is assigned.

**13. Pretrial Submissions:** The parties shall submit a joint proposed pretrial order and any required accompanying submissions 30 days after decision on the summary judgment motion(s), or, if no summary judgment motion is made, 30 days after the close of all discovery.

**14. Trial:**

    a.    All parties do ☑ / do not ☐ consent to a trial before a Magistrate Judge at this time.

    b.    The case is ☐ / is not ☑ to be tried to a jury.

    **c.**    The parties anticipate that the trial of this case will require __10_____ days.

**15.**    **Other Matters the Parties Wish to Address (if any):**

**16.**    The Court will fill in the following:

☐ A status conference will be held before the undersigned on _____ at _____.m. in Courtroom 18D, 500 Pearl Street.

☐ The parties shall submit a joint status letter by _____ no longer than __ pages.

Dated:

                                                                SO ORDERED.

                                                                _____
                                                                ROBERT W. LEHRBURGER
                                                              United States Magistrate Judge

PLAINTIFF(S):                                          DEFENDANT(S):

John Cagney                                             Ilan Stein
_____     _____
ATTORNEY NAME(s):                             ATTORNEY  NAME(s)

6

_____         Lucas Issacharoff
                                       _____

217 Broadway                           86 Chambers Street, 3rd Floor
New York, New York 10007               New York, NY 10007
_____         _____
ADDRESS                                ADDRESS


TEL: 212-267-4177                      TEL: 212-637-2525
_____         _____

EMAIL: jcagney@kdlm.com                EMAIL: ilan.stein@usdoj.gov; lucas.issa
_____         _____

7